BAL.15537

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ERNEST GONZALES** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 3:22-cv-01984** |
| **V.** | § | **JURY DEMAND** |
| | § | |
| | § | |
| **(1) PROTECTIVE INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant.* | § | |

<u>**DEFENDANT PROTECTIVE INSURANCE COMPANY'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW Defendant **PROTECTIVE INSURANCE COMPANY** (hereinafter referred to as "Defendant"), in the above entitled and numbered cause, and files this its Notice of Removal of the above-captioned case. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

## I.    BACKGROUND

1. On August 8, 2022, Plaintiff ERNEST GONZALES sued PROTECTIVE INSURANCE COMPANY and PROGRESSIVE INSURANCE, in the County Court at Law No. 5, Dallas County, Texas, Cause No. CC-22-04304-E, alleging negligence against both parties. Defendant, PROTECTIVE INSURANCE COMPANY answered as the correct party.

2. On September 2, 2022, Plaintiff ERNEST GONZALES filed its Non-Suit as to Defendant PROGRESSIVE INSURANCE, in the County Court at Law No. 5, Dallas County, Texas, Cause No. CC-22-04304-E.

3. PROTECTIVE INSURANCE COMPANY filed its Original Answer on September 6, 2022.

4. Plaintiff Ernest Gonzales is a citizen of the State of Texas.

<u>**DEFENDANT, PROTECTIVE INSURANCE COMPANY'S NOTICE OF REMOVAL - Page 1**</u>

5. Defendant, PROTECTIVE INSURANCE COMPANY is organized in the State of Indiana, with its corporate office and principal place of business in Carmel, Indiana.

6. Plaintiff's Original Petition, filed contemporaneously herewith, states that the amount of damages sought is over $200,000.00 but not more than $1,000,000.00.

## II.    BASIS FOR REMOVAL

7. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332.  This action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff is a citizen of the State of Texas, Defendant Protective Insurance Company is an Indiana corporation, with its principal place of business in the State of Indiana.  Additionally, the amount in controversy exceeds $75,000.

### A.  Complete Diversity Exists.

8. As this Court is aware, for diversity purposes, a person is considered a citizen of the state where that person is domiciled.  Plaintiff is a person and domiciled in the State of Texas. Defendants Protective Insurance Company is not domiciled in the State of Texas, but rather formed in Indiana, with their principle place of business in Carmel, Indiana.

9. Because the Plaintiff Ernest Gonzales and Defendant Protective Insurance Company do not share in citizenship in any state, removal is proper on diversity grounds.

10. Defendant now, and were at the time of the removed action was commenced, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332.

### B.  The Amount in Controversy Exceeds $75,000.

11. As previously stated, Plaintiff filed Plaintiff's Original Petition on August 8, 2022.  Plaintiff identified the amount in controversy to be over $200,000 but not more than $1,000,000.

12. Accordingly, Plaintiff seeks damages beyond the threshold amount of $75,000, establishing an amount in controversy of over $200,000 but not more than $1,000,000.

13. Accordingly, because this notice of removal has been filed within the time available after Plaintiff provided Plaintiff's Original Petition, providing Plaintiff's claim for relief, this removal is proper and timely under 28 U.S.C. § 1446(b)(3).

14. The United States District Court for the Northern District of Texas, Dallas Divison, embraces Dallas County, Texas, the place where the state court action was filed and is pending.

15. The live pleadings before the state court are Plaintiff's Original Petition and Jury Demand, Citation to Defendant Protective Insurance Company, Return of Service for Defendant Progressive Insurance, Plaintiff's Non-Suit as to Defendant Progressive Insurance and Defendant Protective Insurance Company's Original Answer.  No other motions are pending before the state court.

16. All pleadings, process, orders served upon Defendants in the state court action are attached to this Notice as **Exhibit "A"**, as required by 28 U.S.C. § 1446(a).

17. Defendant Protective Insurance Company hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

   **WHEREFORE, PREMISES CONSIDERED**, Defendant **PROTECTIVE INSURANCE COMPANY** respectfully requests that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may show itself to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH & SHARP, L.L.P.**

/S/ DANIEL M. KARP
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on this the 7th day of September, 2022, a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

***Via ECF***
Kyle D. Williams
Johnson, Zegen, Scott & Williams, PLLC
12222 Merit Drive, Suite 1203
Dallas, Texas  75251
kyle@jzswlaw.com
214-295-2900
214-265-7626 - fax
***Attorney for Plaintiff***

/S/ DANIEL M. KARP
**DANIEL M. KARP**

FILED
8/8/2022 4:13 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-04304-E

CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST GONZALES | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| PROTECTIVE INSURANCE COMPANY and | § | |
| PROGRESSIVE INSURANCE | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Ernest Gonzales (hereinafter Plaintiff), complaining of and against Protective Insurance Company and Progressive Insurance, and would respectfully show unto the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

Plaintiff will submit this action under Discovery Control Plan Level II, per Rule 190.3 of the Texas Rules of Civil Procedure.

**II.**
**RELIEF**

Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

**III.**
**SERVICE**

Plaintiff is a resident of Dallas County Texas. The last three digits of Plaintiff's Texas Driver's license are 209.

**Exhibit "A"**

Defendant Protective Insurance Company is a corporation licensed to conduct business in Texas that may be served with process through its registered agent, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900 DALLAS, TEXAS 75201, or wherever Defendant may be found. Citation issuance requested.

Defendant Progressive Insurance is a corporation licensed to conduct business that may be served with process through its registered agent, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900 DALLAS, TEXAS 75201, or wherever Defendant may be found. Citation issuance requested.

Plaintiff specifically invokes the right to institute this suit against Defendant Progressive and Protective or any other name which has been used to designate them, or which they have used. Plaintiff expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### IV.
### JURISDICTION AND VENUE

The Court has jurisdiction as Plaintiff's damages are within this Court's jurisdictional limits.

All or a substantial part of the events giving rise to this claim occurred in Dallas County, therefore venue is proper in Dallas County pursuant to TEX. CIV. PRAC. & REM. CODE ANN § 15.002(a)(2).

**Exhibit "A"**

## V.

## JURY DEMAND

Plaintiff respectfully request that a jury be convened to try the factual issues of this case.

## VI.

## FACTS

Plaintiff would respectfully show the Court that Defendant Protective Insurance Company (which has since been acquired by Progressive Insurance) issued auto insurance policy and claim number IL28429 to Plaintiff. That policy included Uninsured/Underinsured coverage. On or about August 8, 2018, Plaintiff was involved in a motor vehicle collision. The proximate cause of said collision was the negligent driving of another driver who was underinsured. At the time of the collision, the policy at issue herein, was in full force and effect. Plaintiff Ernest Gonzales demanded Protective/Progressive to pay the uninsured/underinsured benefits under the subject policy. All prerequisite conditions for Plaintiff's claims had been satisfied at that time. Protective/Progressive has not performed its obligations to Plaintiff under the Policy. Specifically, Protective/Progressive has not honored its contractual obligation to cover Plaintiff's injuries and damages in excess of the policy limits secured from an underinsured negligent motorist. Further, Protective/Progressive has also failed to fulfill its obligation under Texas Law by, among other things, failing to promptly investigate and pay Plaintiff's claims. Therefore, Plaintiff files this suit to recover damages.

**Exhibit "A"**

## VII.

## BREACH OF CONTRACT AND VIOLATION OF TEXAS LAW

Defendants have materially breached its contract as stipulated under the policy by failing to pay Plaintiff's uninsured/underinsured benefits under the policy. It has also violated its duties under the Texas Insurance Code by, among other things, failing to promptly investigate and pay Plaintiff's claim and by breaching to discharge its duties of good faith and fair dealing in violation of Texas Law. Moreover, Defendants have committed unfair settlement practices in violation of the Texas Insurance Code.

CONTRACT CLAIMS

Plaintiff properly and timely notified Defendant about the collision, damages and his demand for benefits under the policy. Plaintiff demanded Defendants to pay her uninsured/underinsured benefits under the subject policy. Notwithstanding Plaintiff's compliance with the policy, Defendants have materially breached its contractual obligations under the policy by refusing to pay full uninsured/underinsured benefits to Plaintiff.

All the conditions precedent to the filing of this cause of action have been met. Plaintiff hereby seeks recovery of expectation damages in contract, including his uninsured/underinsured benefits plus interests and attorney's fees.

FAILURE TO TIMELY PAY INSURANCE CLAIMS

Defendant' failure to timely pay Plaintiff's uninsured/underinsured benefits constitutes a violation of Section 542.058 of the Texas Insurance Code. In addition to the claim for underinsured/uninsured benefits, Plaintiff is entitled to interest on the amount of

**Exhibit "A"**

the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees. Tex. Ins. Code § 542.060.

BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Defendants had a duty of good faith and fair dealing to Plaintiff because of the insurer- insured relationship that existed between them at the time of Plaintiff's claim for benefits. Defendants breached that duty by knowingly and intentionally denying Plaintiff the uninsured/underinsured benefits to which they were entitled to under the policy.

Defendants knew or should have known that there was no reasonable basis for denying Plaintiff's claim. Therefore, the conduct of Defendant constituted a breach of its duty of good faith and fair dealing.

Moreover, Defendants also breached its duty of good faith and fair dealings and engaged in unfair settlement practices in that it has not made any settlement offer, or has made an improper settlement offer, based on the results of a poorly conducted investigation of the incident, injuries and damages giving rise to Plaintiffs claims.

As a proximate result of Defendants' breaches of good faith and fair dealing, Plaintiff has suffered not only economic losses, but also mental anguish.

ADDITIONAL VIOLATIONS – TEXAS INSURANCE CODE

Defendant is in violation of section 542.003(4) of the Texas Insurance Code by not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear.

Defendants are also in violation of section 541.060(a) of the Texas Insurance Code by committing an unfair method of competition or an unfair or deceptive act or practice in

**Exhibit "A"**

the business of insurance by engaging in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(2)(A) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(3) Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim

(7)      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(8)      Delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim.

Defendants knowingly committed these violations. Therefore, Plaintiff is entitled to treble damages, court costs and reasonable attorney's fees, pursuant to section 541.152 of the Texas Insurance Code.

As a result of Defendants knowingly and intentional conduct, Plaintiff suffered economic damages and damages for their mental anguish far in excess of the minimum jurisdictional limits of the Court.

## VIII.
## DAMAGES

As a direct and proximate result of the underlying motor vehicle collision that

**Exhibit "A"**

triggered Defendants' obligations under the policy, Plaintiff sustained injuries and damages of a value that exceeds the policy limits tendered in the underlying case. These damages consist of the following:

    a.  Medical Expenses: Past and Future;

    b.  Physical Pain and Suffering: Past and Future;

    c.  Mental Anguish: Past and Future;

    d.  Physical Impairment/Disability: Past and Future; and

    e.  Lost Wages

**IX.**

**NOTICE OF USE OF DOCUMENTS**

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendant that she intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

**X.**

**PRAYER**

**WHEREFORE,** premises considered, Plaintiff pray that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a Final Judgment against Defendant for the following:

I. Expectation damages for Defendant's breach of contract at common law;

Economic and/or actual damages, including past medical expenses that Plaintiff have incurred for reasonable and necessary medical treatment and care in the past;

II. Economic and/or actual damages for Plaintiff's lost wages; Property Damage, Loss of use, Diminish of value;

**Exhibit "A"**

III.    Three times the sum of Plaintiff's medical expenses and lost wages because Defendant knowingly committed the facts complained of and pursuant to Texas Insurance Code §541.152(b);

IV.    Damages for mental anguish for Defendant's knowingly conduct pursuant to Texas Deceptive Trade Practices Act §17.50(b)(1);

V. Three times the amount of damages for mental anguish and economic damages for Defendant's intentional conduct. *Id*;

VI.    Pre and post judgment interests at the maximum legal rate;

VII.    Attorney fees;

VIII.    Cost Courts; and

IX.    Any other further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

JOHNSON, ZEGEN, SCOTT & WILLIAMS, PLLC

BY:    */s/ Kyle D. Williams*

KYLE D. WILLIAMS
State Bar No. 24072815
kyle@jzswlaw.com
12222 Merit Drive, Suite 1203
Dallas, Texas 75251
(214) 295-2900, phone
(214) 265-7626, fax
ATTORNEY FOR PLAINTIFF

**Exhibit "A"**

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-22-04304-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**PROTECTIVE INSURANCE COMPANY**
**ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**ERNEST GONZALES**
*Plaintiff(s)*

**VS.**

**PROTECTIVE INSURANCE COMPANY; PROGRESSIVE INSURANCE**
*Defendant(s)*

Filed in said Court on the 8th day of August, 2022, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of August, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By_____, Deputy
        Alicia Mata



Exhibit "A"

---

**ATTORNEY**
**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-22-04304-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

ERNEST GONZALES, *Plaintiff(s)*

**VS.**

PROTECTIVE INSURANCE
COMPANY; PROGRESSIVE
INSURANCE, *Defendant(s)*

**SERVE:**
**PROTECTIVE INSURANCE**
**COMPANY**
**ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**ISSUED THIS**
**9TH DAY OF AUGUST, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: ALICIA MATA, DEPUTY

Attorney for Plaintiff

KYLE D WILLIAMS
JOHNSON ZEGEN SCOTT &
WILLIAMS PLLC
12222 MERIT DRIVE
SUITE 1203
DALLAS TX  75251
214-295-2900

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-22-04304-E   County Court at Law No. 5

ERNEST GONZALES vs. PROTECTIVE INSURANCE COMPANY, PROGRESSIVE INSURANCE

**ADDRESS FOR SERVICE:**
ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to PROTECTIVE INSURANCE COMPANY in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy          $_____, Officer

Total      $_____          _____, County, Texas

By: _____, Deputy

_____, Affiant

## Exhibit "A"

FILED
8/17/2022 11:37 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# THE STATE OF TEXAS
## CITATION

CAUSE NO. **CC-22-04304-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**PROGRESSIVE INSURANCE**
**ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ERNEST GONZALES**
*Plaintiff(s)*

**VS.**

**PROTECTIVE INSURANCE COMPANY; PROGRESSIVE INSURANCE**
*Defendant(s)*

Filed in said Court on the 8th day of August, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of August, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Alicia Mata_ , Deputy
      Alicia Mata



---

Electronically Served
8/9/2022 11:19 AM

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-22-04304-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

ERNEST GONZALES, *Plaintiff(s)*

**VS.**

PROTECTIVE INSURANCE
COMPANY; PROGRESSIVE
INSURANCE, *Defendant(s)*

**SERVE:**
**PROGRESSIVE INSURANCE**
**ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**9TH DAY OF AUGUST, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: ALICIA MATA, DEPUTY

Attorney for Plaintiff
KYLE D WILLIAMS
JOHNSON ZEGEN SCOTT &
WILLIAMS PLLC
12222 MERIT DRIVE
SUITE 1203
DALLAS TX 75251
214-295-2900

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**Exhibit "A"**

**OFFICER'S RETURN**

CC-22-04304-E   County Court at Law No. 5

ERNEST GONZALES vs. PROTECTIVE INSURANCE COMPANY, PROGRESSIVE INSURANCE

**ADDRESS FOR SERVICE:**
ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

**Fees:**
Came to hand on the 10th day of August, 20 22, at 1 o'clock P .m., and executed in Dallas County, Texas by delivering to PROGRESSIVE INSURANCE in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Progressive Insurance at 2:06 pm at 1900 Bryan St Dallas Tx 75201 Suite 900 on 10 August 2022 B/s Its registered agent CT Corporation System | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy    $ Kristal Taylor , ~~Officer~~

Total    $_____    Dallas , County, Texas

Kristal Taylor

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS 11 DAY OF August 2022

By: _____ PES-19351 ~~Deputy~~
Exp 1/30/23
, Affiant

x Carrie M. Dean

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

**Exhibit "A"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67382541
Status as of 8/18/2022 8:37 AM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shannon Renfro | | shannon@jzswlaw.com | 8/17/2022 11:37:49 AM | SENT |
| Kyle Williams | | kyle@jzswlaw.com | 8/17/2022 11:37:49 AM | SENT |

**Exhibit "A"**

FILED
9/2/2022 1:55 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01984-BH    Document 1    Filed 09/07/22    Page 18 of 30    PageID 18

## CAUSE NO. CC-22-04304-E

| | | |
|---|---|---|
| **ERNEST GONZALES** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 5** |
| | § | |
| **PROTECTIVE INSURANCE** | § | **DALLAS COUNTY, TEXAS** |
| **COMPANY AND PROGRESSIVE** | § | |
| **INSURANCE** | § | |
| *Defendant.* | | |

### PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT PROGRESSIVE INSURANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ERNEST GONZALES, hereinafter "Plaintiff," in the above-styled and numbered cause of action, and file this Notice of Nonsuit without Prejudice of Defendant PROGRESSIVE INSURANCE, and would show the Court as follows:

Plaintiff no longer desires to prosecute this suit against Defendant PROGRESSIVE INSURANCE. This Notice does not apply to the other Defendant in this case. Plaintiff does wish to continue this case against Defendant Protective Insurance Company.

Plaintiff asks this Court to sign an order of non-suit on all Plaintiff's claims only against Defendant PROGRESSIVE INSURANCE.

**Exhibit "A"**

Respectfully submitted,

**JOHNSON, ZEGEN, SCOTT AND WILLIAMS, PLLC**

BY:    /s/*Kyle D. Williams*

       **KYLE D. WILLIAMS**
       State Bar No. 24072815
       kyle@jzswlaw.com
       12222 Merit Drive, Suite 1203
       Dallas, Texas 75251
       (214) 295-2900, telephone
       (214) 265-7626, facsimile
       **ATTORNEY FOR PLAINTIFF**


**<u>CERTIFICATE OF
SERVICE</u>**

    I hereby certify that on the 2nd day of September 2021, a true and correct copy of the foregoing document was forwarded to counsel of record as shown below pursuant to the Texas Rules of Civil Procedure:

           /s/*Kyle D. Williams*
           _____
           Kyle D. Williams



**Exhibit "A"**

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kyle Williams on behalf of Kyle Williams
Bar No. 24072815
kyle@jzswlaw.com
Envelope ID: 67933033
Status as of 9/5/2022 4:33 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Shannon Renfro | | shannon@jzswlaw.com | 9/2/2022 1:55:54 PM | SENT |
| Kyle Williams | | kyle@jzswlaw.com | 9/2/2022 1:55:54 PM | SENT |

**Exhibit "A"**

FILED
9/6/2022 9:42 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

BAL.15537

## CAUSE NO. CC-22-04304-E

| | | |
|---|---|---|
| **ERNEST GONZALES** | § | **IN THE COUNTY COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW NO. 5** |
| | § | |
| **PROTECTIVE INSURANCE** | § | |
| **COMPANY and PROGRESSIVE** | § | |
| **INSURANCE** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT PROTECTIVE INSURANCE COMPANY'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **PROTECTIVE INSURANCE COMPANY**, a named Defendant in the above entitled and numbered cause, and files this its Original Answer and Special Exceptions, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### VERIFIED DENIAL

Defendant denies that Plaintiff has performed all conditions precedent necessary to bring a claim against it in the action or that all conditions precedent to an automobile insurance policy affording coverage have been performed or have occurred. Plaintiff has not established that they are "legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident," which would be condition precedent to Defendant's duty to pay UM/UIM.

**DEFENDANT PROTECTIVE INSURANCE COMPANY'S ORIGINAL ANSWER**      **Page 1**

## Exhibit "A"

Defendant would be entitled to an offset or credit in the amounts of the liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiff's alleged injuries and damages, an offset or credit for any other UM/UIM policy of insurance issued by any other insurer(s) to Plaintiff, and an offset or credit for any other money paid to or on behalf of Plaintiff for any medical payment, benefit payments, or personal injury protection benefit payments.

Further pleading, or in the alternative if such be necessary, Defendant would show that because Plaintiff has not established that it is "legally entitled to recover" from an uninsured motorist, Plaintiff has failed to present a valid claim, and Defendant has not failed to pay the "just amount owed" within 30 days thereafter, as a condition precedent to recovery of attorney's fees under Chapter 38 of the Texas Civil Practice & Remedies Code.

### III.
### SPECIAL EXCEPTIONS

Defendant specially excepts and objects to any effort of Plaintiff to collect attorney's fees. The Texas Supreme Court has made it clear that an insured cannot "seek attorney's fees until, at the earliest, thirty days after the trial court render[s] judgment – assuming that the [insured] refuses[s] to pay the amount due under the UIM contract". The insurer has no duty to pay UM benefits until Plaintiff establishes they are legally entitled to damages; [t]herefore, the insurer has the right to make the plaintiff meet the liability and damages prerequisites to UIM recovery, through litigation or otherwise. Consequently, requiring an insurer to pay attorney fees for exercising its right to require the plaintiff to establish its entitlement to recovery of UIM benefits under the policy would be inequitable and unjust. *See Allstate Ins. Co. v. Jordan,* 503 S.W.3d 450, 456-57 (Tex. App.—Texarkana 2016, no pet.). *Jordan* examined when a Plaintiff also attempted to recover attorneys' fees under a declaratory action. *Id.* If a Plaintiff cannot recover under Chapter 38, which governs attorney's fees under a written contract until payment has been refused

**Exhibit "A"**

and it has been more than 30 days since presentment, "then allowing recovery of attorney fees in UIM cases under the UDJA would create a special category of contract cases where attorney's fees would be recoverable prior to presentment." *Id.* At 457. The Texas Supreme Court made it clear that a declaratory action claim cannot be used as a vehicle for a party to obtain impermissible attorney's fees. *Id. (citing MBM Fin. Corp. v. Woodlands Operating Co, L.P.,* 292 S.W.3d 660, 669 (Tex. 2090)).

In their Petition, Plaintiff claims "Pursuant to § 542.060 of the Texas Insurance Code and § 38.001 of the Texas Civil Practice and Remedies Code, Plaintiff seeks to recover of those reasonable attorney's fees incurred to prosecute Defendant's violation of Chapter 542 of the Texas Insurance Coe and Defendant's breach of contract, including all fees incurred in pretrial preparation, trial, and all appeals." *See Pls. Original Petition* at 4. As the Texas Court of Appeals stated, if a party cannot recover attorneys' fees under Chapter 38, they cannot create their own special category under Chapter 37 to recover attorney's fees. *See Allstate Ins. Co. v. Jordan,* 503 S.W.3d at 456-57. Plaintiff cannot receive attorneys' fees until they establish their right to UM/UIM benefits and 30 days has elapsed without payment from Defendant. They cannot recover fees simply for choosing to obtain counsel when an insurer exercises its rights under the Texas Insurance Code. As the Texas Court of Appeals stated, "requiring an insurer to pay attorney fees for exercising its right to require plaintiff to establish its entitlement to recovery of UIM benefits under the policy would be inequitable and unjust." *Id.* Plaintiff's Original Petition asserts a claim for attorney's fees which is not recoverable under Texas law. Accordingly, Defendant's special exceptions should be sustained and Plaintiff should be ordered to amend their pleadings within a reasonable time or have their claim for attorney's fees dismissed in its entirety.

Further pleading, to the extent that Plaintiff states a cause of action for breach of contract, Defendant specifically excepts to the same because Plaintiff does not allege facts showing a mature

**Exhibit "A"**

contractual duty to pay benefits that was ever breached.

Further pleading, in this case Plaintiff has not alleged that they have obtained any judgment against the owner or operator of any motor vehicle. Instead, Plaintiff has filed a suit against Defendant to establish liability. Therefore, Plaintiff's pleading affirmatively demonstrates that Plaintiff is not presently, and may never be, legally entitled to recover damages, which is a condition precedent to Defendant's obligation to pay UM/UIM benefits.

Accordingly, Defendant request this Court to sustain its special exceptions, strike Plaintiff's cause of action against Defendant for breach of contract and allegations involving Chapter 38 attorney's fees, and allow him to form no part of any claim or issue.

## IV.
## CONDITIONS PRECEDENT

Defendant specifically denies that all conditions precedent necessary for recovery by Plaintiff under any policy of insurance issued by Defendant have been met. Plaintiff has not shown he is entitled to recover uninsured/underinsured motorist benefits. Plaintiff has no claim for UM/UIM benefits under any Policy until he first establishes that he is legally entitled to recover from the tortfeasor. The Policy does not require Defendant to pay UM or UIM benefits before the tortfeasor's negligence and uninsured/underinsured status is determined. *See Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809, 819-19 (Tex.2006); *Henson v. Southern Farm Bureau Cas. Ins. Co.,* 17S.W.3d 652, 653-54 (Tex.2000).

## V.
## SEVERANCE AND ABATEMENT

Under Texas law a breach-of-contract claim is separate and distinct from a bad-faith claim. Thus, insureds must generally establish that the insurance company was liable on the contract before the insured can recover for bad faith against the insurer for failing to promptly pay, settle or investigate a claim. As a result, the claims made by Plaintiff for "Bad-Faith" or for violations

of the Insurance Code are not properly before the Court at this time, and must be severed and abated until such time that a legal duty has been shown that this Defendant has an affirmative duty pursuant to the policy terms to provide benefits.

With regards to Plaintiff's extra-contractual claims, once severed and abated, Defendant asserts that there presently exists no contractual duty to pay the underlying claim in that Plaintiff has not established the liability or the uninsured/underinsured status of the alleged tortfeasor.

## VI.
## OFFSET or CREDIT

Defendant is entitled to offset or credit in the amounts of the liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiff's alleged injuries and damages, any other uninsured/underinsured policy of insurance issued by any other insurer to Plaintiff, and any money paid to, or on behalf of, Plaintiff for any medical payment or personal injury protection benefit.

## VII.
## PAID OR INCURRED MEDICAL EXPENSES LIMITATION

Defendant specifically contends, in accordance with Texas Civil Practice and Remedies Code § 41.0105, as interpreted by the Texas Supreme Court in *Aaron Glenn Haygood, Petitioner v. Margarita Garza De Escobedo, Respondent,* 356 S.W.3d 390 (Tex.2011), that recovery by Plaintiff of past medical or health care expenses, if any, incurred in the accident identified in Plaintiff's pleadings is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiff including amounts actually owed by Plaintiff.

## VIII.
## LOSS OF EARNINGS

To the extent that Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contribution of pecuniary value, Defendant would show evidence of this alleged loss is limited to evidence of a net loss after reduction for income tax payments or

**Exhibit "A"**

unpaid tax liability to any federal income tax law, pursuant to Tex. Civ. Prac. & Rem. Code § 18.091.

## IX.
### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury. The jury fee was previously paid by the Plaintiff.

## X.
### AFFIRMATIVE DEFENSES

Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiff's claims and alleged damages.

Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiff, if any, were proximately caused in whole or in part by the conduct of Plaintiff or by any other party, settling party, designated responsible third party and/or non-party. Defendant asserts that it is entitled to a reduction of damages awarded to the Plaintiff, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

Defendant asserts that any award to Plaintiff should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

Defendant contests that the subject accident resulted in all of the injuries and damages now alleged by the Plaintiff. Defendant would show that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused by prior and/or subsequent accidents, events, or occurrences and not the motor vehicle accident that serves the basis of this

**Exhibit "A"**

lawsuit.

Defendant contends that Plaintiff did not use ordinary care in reducing or avoiding his alleged damages, and thus failed to mitigate his damages, if any.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **PROTECTIVE INSURANCE COMPANY** prays that its Special Exceptions be sustained, that this matter be submitted to a duly qualified jury, and that upon final trial hereof, Plaintiff take nothing by this suit, that Defendant **PROTECTIVE INSURANCE COMPANY** go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

FEE, SMITH & SHARP, L.L.P.

_____

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**ROB WRIGHT**
State Bar No. 24034184
rwright@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT**
**PROTECTIVE INSURANCE COMPANY**

**Exhibit "A"**

## <u>CERTIFICATE OF SERVICE</u>

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 6th day of September 2022.

**Via ECF:**
Kyle D. Williams
Johnson, Zegen, Scott & Williams, PLLC
12222 Merit Drive, Suite 1203
Dallas, Texas  75251
kyle@jzswlaw.com
214-295-2900
214-265-7626 - fax
***Attorney for Plaintiff***

_____

**DANIEL M. KARP**

Exhibit "A"

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 67961889
Status as of 9/6/2022 11:07 AM CST
Associated Case Party: PROTECTIVE INSURANCE COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Karp | | dkarp@feesmith.com | 9/6/2022 9:42:37 AM | SENT |
| Rob Wright | | rwright@feesmith.com | 9/6/2022 9:42:37 AM | SENT |

**Exhibit "A"**

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 67961889
Status as of 9/6/2022 11:07 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shannon Renfro | | shannon@jzswlaw.com | 9/6/2022 9:42:37 AM | SENT |
| Sheila Daniel | | sdaniel@feesmith.com | 9/6/2022 9:42:37 AM | SENT |
| Kyle Williams | | kyle@jzswlaw.com | 9/6/2022 9:42:37 AM | SENT |

**Exhibit "A"**